# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE BROWN FITTNESS, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01561-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Candace Smith, proceeding pro se and in forma pauperis, filed this action on December 18, 2024. Plaintiff's complaint is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding in forma pauperis, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma

1

1 pauperis proceedings which seek monetary relief from immune defendants); Cato v. United
2 States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma
3 pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir.
4 1998) (affirming sua sponte dismissal for failure to state a claim).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt" (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)).). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Id. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against George Brown, Christina Renee, and Bryan.[1] (ECF No. 1 ("Compl") at 2-3.)

Plaintiff's unedited statement of the claim is as follows:

> Claim ongoing racial profiling ε sexual harassment. Sexually attack in womens restroom by several women in restroom and in shower door Christina Renee open up shower curtain while w/o no clothes ε watch me naked. Believe Christina sent friend to sexually harass me and take pictures of naked body. Belive drugging of sauna ε overly chlorining purposely to cause harm.

---

[1] While the caption of the complaint also lists "George Brown Fittness" as a Defendant, this defendant does not appear anywhere in the factual allegations or listed defendants.

(ECF No. 1 at 5 (unedited).)  Plaintiff requests relief in the form of damages, punitive damages, and the return of unspecified funds.  (Id.)

### III.

### DISCUSSION

#### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff's complaint is not a plain statement of her claims.  While the complaint is short, it does not clearly state what happened.  Plaintiff, who does not allege she was employed by any defendant, alleges she was racially profiled.  However, there are no allegations of any wrongful conduct by any defendant motivated by race.  Plaintiff also alleges unclear claims of sexual harassment and abuse by Defendant Christina Renee in a restroom and/or a sauna.  Further, while Plaintiff also names George Brown and Bryan as defendants, there are no specific allegations as to either defendant.  Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8.

#### B.     Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff indicates her claims arise under diversity of citizenship. However, Plaintiff also completes the portion of the form complaint for claims proceeding under federal question jurisdiction. The Court will therefore address each in turn.

### 1. Diversity Jurisdiction

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted)

Here, Plaintiff alleges that she and Defendants George Brown, Christina Renee, and Bryan are citizens of California. (ECF No. 1 at 2-3.) Since Plaintiff and all Defendants are alleged to be citizens of the same state, complete diversity does not exist in this action. Accordingly, Plaintiff cannot proceed in federal court on the basis of diversity jurisdiction.

### 2. Federal Question Jurisdiction

Plaintiff also includes a statement of her claim in the portion of the form complaint related to federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-

4

1 question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
2 federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's
3 properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

4      In the portion of the form complaint where Plaintiff is instructed to list the specific
5 federal statutes, federal treaties, or constitutional violations at issue, Plaintiff states:

> Sexual Harassment in women restroom Christina Renee sending women to hit on me and harrasme sexual ε racily. Came in shower room ε watch ε recorded me naked. Women asking for date and soliciting sexual advances.
>
> Injury in tub Felt like Drugging Couldn't Breath broke in hive ε allegic attack from jacuzzi, sauna infection.

10 (Compl. at 4 (unedited).)

11      To the extent Plaintiff attempts to allege this Court has federal question jurisdiction,
12 Plaintiff fails to specify a federal statute or constitutional doctrine that gives rise to her claims.
13 Given Plaintiff requests relief in the form of the return of funds, the Court construes Plaintiff's
14 complaint as pursuing racial and sexual harassment claims against a business outside the context
15 of an employment relationship.  Plaintiff fails to specify any federal law that gives rise to such
16 claims.  Further, to the extent Plaintiff intends to pursue a claim for personal injury from a tub,
17 jacuzzi, and/or sauna against Defendants, such claim would be a state law claim sounding in tort.
18 Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff cannot
19 pursue such claims in this Court without first stating a cognizable claim under federal law. See 28
20 U.S.C. § 1367.  Plaintiff has not articulated any cognizable federal claim over which this Court may
21 assert federal question jurisdiction under 28 U.S.C. § 1331.

22      Because Plaintiff has not established the Court's subject matter jurisdiction on diversity or
23 federal question grounds, this Court does not have subject matter jurisdiction over this action.

24      **C.    Leave to Amend**

25      A pro se litigant's complaint should not be dismissed "without leave to amend 'unless it
26 is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' "
27 Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d
28 1202, 1203-04 (9th Cir. 1988)).  In determining whether to grant leave to amend, the court

1  considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, the Court finds that amendment of the complaint would be futile.  The Court notes Plaintiff has filed nineteen (19) other lawsuits in this Court since February 2024.[2] Twelve of those cases have been screened by this heavily impacted Court and have advised Plaintiff of the same pleading requirements repeated in this order.  See Smith v. Novoa, Case No. 1:24-cv-00199-JLT-SKO, filed Feb. 14, 2024 (including the Rule 8 standard in findings and recommendations, action dismissed for failure to state a claim and lack of subject matter jurisdiction); Smith v. Cordoza, Case No. 1:24-cv-00200-KES-BAM, filed Feb. 14, 2024 (including the Rule 8 standard in both the screening order regarding the initial complaint and findings and recommendations recommending dismissal of the first amended complaint, action dismissed for failure to comply with Rule 8 and lack of subject matter jurisdiction); Smith v. McDonalds Inc., Case No. 1:24-cv-00204-KES-SAB, filed Feb. 15, 2024 (including Rule 8 standard in findings and recommendations, action dismissed for failure to state a claim and lack of subject matter jurisdiction); Smith v. Davis, Case No. 1:24-cv-00476-JLT-EPG, filed April 22, 2024 (including the Rule 8 standard in both the screening order regarding the initial complaint and findings and recommendations recommending dismissal of the first amended complaint, pending dismissal for lack of subject matter jurisdiction); Smith v. Ayodale, Case No. 1:24-cv-00538-JLT-BAM, filed May 6, 2024 (including the Rule 8 standard in both the screening order regarding the initial complaint and findings and recommendations recommending dismissal of the first amended complaint, action dismissed for failure to comply with Rule 8 and lack of subject matter jurisdiction); Smith v. West Coast Hotel Management,

---

[2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978); see also Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. Jan. 30, 2015) ("It is well established that a court may take judicial notice of its own files and records ...")

1  LLC, Case No. 1:24-cv-00586-KES-HBK, filed May 16, 2024 (including the Rule 8 standard in
2  the initial screening order); Smith v. Kemper Insurance, Case No. 1:24-cv-00587-JLT-SKO,
3  filed May 16, 2024 (including the Rule 8 standard in the initial screening order); Smith v.
4  Community Hospital, Case No. 1:24-cv-00589-KES-BAM, filed May 16, 2024 (including the
5  Rule 8 standard in findings and recommendations); Smith v. Chick-Fil-A, Case No. 1:24-cv-
6  00814-JLT-BAM, filed July 15, 2024 (including the Rule 8 standard in the initial screening
7  order); Smith v. Ayodele, Case No. 24-cv-01100-JLT-SKO, filed September 6, 2024 (including
8  Rule 8 standard in findings and recommendations, pending dismissal for failure to comply with
9  Rule 8 and lack of subject matter jurisdiction); Smith v. Dyer, Case No. 1:24-cv-01288-JLT-
10 EPG, filed October 22, 2024 (including Rule 8 standard in findings and recommendations,
11 pending dismissal for failure to comply with Rule 8 and lack of subject matter jurisdiction);
12 Smith v. University Inn Hotel, Case No. 24-cv-01316-KES-EPG, filed Oct. 28, 2024 (pending
13 recommendation that the complaint be dismissed for failure to comply with Rule 8 and lack of
14 subject matter jurisdiction).  At this point, Plaintiff is well aware that her complaint must contain
15 sufficient facts showing she is entitled to relief, that each defendant's involvement must be
16 sufficiently alleged, and that Plaintiff must establish that this Court has subject matter
17 jurisdiction over the action.

18    The Court finds that amendment of the complaint would be futile because Plaintiff fails
19 to specify a federal statute or constitutional doctrine that gives rise to her claims and Plaintiff and
20 all defendants allegedly involved in the incident in the complaint do not have diverse citizenship.
21 Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

24    Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be
25 dismissed without prejudice for lack of subject matter jurisdiction.

26    These findings and recommendations are submitted to the district judge assigned to this
27 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen**
28 **(14) days** of service of this recommendation, Plaintiff may file written objections to these

findings and recommendations with the Court limited to 15 pages in length, including any exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated: **January 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge